MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:      2014 ME 140
Docket:        WCB-14-54
Argued:        November 6, 2014
Decided:       December 11, 2014

Panel:         SAUFLEY, C.J., and ALEXANDER, SILVER, MEAD, GORMAN, JABAR, and
               HJELM, JJ.


FAY E. JOHNSON

v.

THE HOME DEPOT USA, INC., et al.


MEAD, J.

[¶1]   In this unusual case, Fay E. Johnson, an employee of Home Depot

USA, Inc., has been missing since March 2012.  Her attorney has filed an appeal

from a decision of the Workers' Compensation Board Appellate Division affirming

the order of a hearing officer (*Jerome, HO*) that allowed Home Depot to suspend

Johnson's workers' compensation benefits until she reappears and petitions for

their reinstatement.   Johnson's attorney contends on her behalf that (1) Home

Depot's service of petitions for review of incapacity and for forfeiture of benefits

on him but not on Johnson failed to satisfy 39-A M.R.S. § 307(2) (2013); and

(2) the hearing officer lacked the authority to direct Home Depot to pay Johnson's

benefits into a segregated account rather than to her designee pending a hearing on

2

the petitions, and to suspend her benefits following the hearing. We affirm the decision.

## I. BACKGROUND

[¶2] The facts are not disputed. In a September 2010 consent decree, the Workers' Compensation Board (Board) (*Elwin, HO*) found that Johnson was injured while working for Home Depot in January 2009. The parties agreed that Home Depot would pay Johnson benefits at a rate of 50% from March 2009 forward. Also by agreement, the decree included a caveat that "with respect to the level of ongoing incapacity, this decree will not have res judicata effect. . . . if either party moves to alter the extent of incapacity, the burden of proof . . . will not include the necessity to show a change in condition." Johnson designated her attorney to receive and deposit her benefits. When Johnson later had shoulder surgery, Home Depot increased her benefits to a rate of 100%.

[¶3] In March 2012, Johnson disappeared and her whereabouts remain unknown. The Probate Court appointed Johnson's daughter as her temporary conservator with the power to act on her behalf in workers' compensation matters, including the authority to receive and deposit her benefit checks.

[¶4] In June 2012, Home Depot filed two petitions with the Board: (1) a petition for review of incapacity, seeking permission to stop paying benefits; and (2) a petition for forfeiture, asking the Board to declare Johnson's benefits forfeited

because she failed to appear for a medical exam scheduled pursuant to 39-A M.R.S. § 207 (2013). Both petitions were served on Johnson's attorney by certified mail; neither was served on Johnson or her daughter. Shortly thereafter, Home Depot filed a certificate of reduction with the Board, lowering Johnson's benefits back to the 50% level specified in the consent decree. The certificate asserted, inter alia, that, "Employee has regained a work capacity since surgery. [Her] current whereabouts are unknown."

[¶5] At an October 2012 hearing, Johnson's attorney appeared and stated that he continued to represent her. The hearing officer took Home Depot's petitions under advisement and ordered, pending a decision, that it was to stop paying benefits to Johnson's attorney and instead hold them in a segregated account for Johnson's benefit. In a January 2013 written decision, the hearing officer (1) granted the petition for review, ordering that Johnson's benefits be suspended until she reappeared and petitioned for a resumption of benefits retroactive to the suspension date; and (2) dismissed the petition for forfeiture as moot.[1] The hearing officer subsequently granted Johnson's motion for further findings and made changes to the decision that did not affect its outcome.

---

[1] Home Depot contends on appeal that the petition for forfeiture should have been granted as well. Because it did not file a notice of appeal, we do not reach that issue. *See Wister v. Town of Mount Desert*, 2009 ME 66, ¶ 1 n.1, 974 A.2d 903 ("Any party seeking to modify a judgment must file a notice of appeal to have its arguments properly considered."); *In re Melissa T.*, 2002 ME 31, ¶ 5, 791 A.2d 98.

4

[¶6] On Johnson's behalf, her attorney appealed to the Appellate Division, which affirmed the hearing officer's decision. We granted Johnson's petition seeking appellate review pursuant to 39-A M.R.S. § 322 (2013) and M.R. App. P. 23.[2]

## II.  DISCUSSION

A.   Service of the Petitions

[¶7] Johnson contends that the hearing officer lacked the authority to grant Home Depot's petition for review because it was not served in accordance with 39-A M.R.S. § 307(2), which provides, in part: "Copies of all petitions filed under this Act must be served by certified mail, return receipt requested, to the other parties named in the petition." In making the argument that service of the petition on him was insufficient to satisfy the statute, Johnson's attorney told the hearing officer that he had no authority to accept service on her behalf. The hearing officer and later the Appellate Division found that service of the petition on the attorney who had represented Johnson throughout her workers' compensation case was sufficient to satisfy section 307(2). We agree.

[¶8] "We construe the plain language of the workers' compensation statute in order to give effect to the Legislature's intent," and "consider the whole

---

[2]  Home Depot asserts that without Johnson's specific prior approval, her attorney lacks standing to prosecute this appeal in her absence. We have fully considered Home Depot's argument, find it to be unpersuasive, and do not discuss it further.

statutory scheme of which the section at issue is a part and attempt to achieve a harmonious result." *Scott v. Fraser Papers, Inc.*, 2013 ME 32, ¶ 5, 65 A.3d 1191 (citation omitted). In so doing, "decisions of the Board interpreting ambiguous provisions of the Workers' Compensation Act are ordinarily entitled to great deference and will be upheld on appeal unless the statute plainly compels a different result." *Id.* (alteration and quotation marks omitted); *see Buckley v. S.D. Warren Co.*, 2010 ME 53, ¶ 7, 997 A.2d 747 (same); *Hackett v. W. Express, Inc.*, 2011 ME 71, ¶ 9, 21 A.3d 1019 (stating that the Law Court "defer[s] to the hearing officer's interpretation of the Workers' Compensation Act as within the Board's area of special expertise").

[¶9] Consistent with our mandate to construe the Workers' Compensation Act as the Legislature intended, "[w]e have recognized a legislative intent to delegate broad authority to the Board to interpret the Act when the statutory language is ambiguous either by rule or through its decision-making authority." *Doucette v. Hallsmith/Sysco Food Servs., Inc.*, 2011 ME 68, ¶ 11, 21 A.3d 99 (quotation marks omitted). We conclude that, in this highly unusual situation, the hearing officer reasonably exercised that authority in finding that the statutory requirement that petitions be served on "other parties," 39-A M.R.S. § 307(2), was satisfied by service on a long-missing employee's attorney who continued to represent her before the Board.

6

## B. Escrowing and Suspension of Johnson's Benefits

[¶10]  On Johnson's behalf, her attorney challenges the hearing officer's authority to direct Home Depot to pay her benefits into an escrow account pending a hearing on the petition for review, and, following the hearing, to suspend her benefits altogether pending her reappearance.  It is possible, although we do not decide, that the arguments marshaled by counsel would be persuasive in other factual circumstances.  We have recognized, however, that, subject to concrete statutory requirements, there are "gray areas" in the Workers' Compensation Act that the Legislature knew would require "flexible and realistic solutions." *Bridgeman v. S.D. Warren Co.*, 2005 ME 38, ¶ 11, 872 A.2d 961 (quotation marks omitted).  To that end, we "have encouraged the Board to enact rules to fill in the gray areas that were intentionally left in the Act," and we give deference to the Board's determinations when it does so.  *Estate of Joyce v. Commercial Welding Co.*, 2012 ME 62, ¶ 11, 55 A.3d 411 (quotation marks omitted).

[¶11]  Although the hearing officer's decision did not cite to a specific Board rule governing the continued payment of benefits to an employee who has disappeared for years, that decision is likewise entitled to deference so long as it is reasonable under the circumstances and is not contrary to the purposes or the letter of the Act.  Here, by first segregating Johnson's benefits for her future use, and then only suspending the payment of benefits with a proviso that they would be

available retroactively if she later claimed them, the hearing officer protected both Home Depot's legitimate interest in stopping payments that were not being received by its employee, and Johnson's interest in collecting her full benefits if she is able to receive them in the future. That thoughtful and compassionate solution in light of these difficult circumstances is not error. *See Foley v. Verizon*, 2007 ME 128, ¶ 16, 931 A.2d 1058 (affirming a hearing officer's action "because it is a common sense and practical method that meets the overall purpose of [a provision of the Act]; is not otherwise prohibited by statute or rule . . . and is better than any of the alternatives offered by the parties").

The entry is:

> The decision of the Workers' Compensation Board Appellate Division is affirmed.

---

**On the briefs:**

Douglas S. Kaplan, Esq., Kaplan & Grant, Portland, for appellant Fay Johnson

Stephen Hessert, Esq., Norman, Hanson & DeTroy, Portland, for appellee The Home Depot USA, Inc. and Helmsman Management Services, LLC

8

**At oral argument:**

Douglas S. Kaplan, Esq., Kaplan & Grant, Portland, for appellant Fay Johnson

Kevin M. Gillis, Esq., Norman, Hanson & DeTroy, Portland, for appellee The Home Depot USA, Inc. and Helmsman Management Services, LLC

Workers' Compensation Board Appellate Division Case No. 13-0015
FOR CLERK REFERENCE ONLY