SAUFLEY, C.J.,
concurring.
[¶ 27] I concur in the Court’s opinion but write separately to encourage legislative clarification of the appellate process in workers’ compensation cases. See Johnson v. Home Depot USA, Inc., 2014 ME 140, ¶ 9, 106 A.3d 401 (recognizing the legislative intent to delegate broad authority to the Workers’ Compensation Board to interpret the Workers’ Compensation Act).
[¶ 28] The factual findings of a hearing officer are not ordinarily subject to appeal, either before the Appellate Division of the Workers’ Compensation Board or before the Law Court. See 39-A M.R.S. § 321-B(2) (2014). Thus, in any appeal, the Appellate Division will focus on reviewing the hearing officer’s legal interpretations.
[¶ 29] In each individual appeal, the Appellate Division comprises three full-time hearing officers, none of whom were adjudicators in the case at issue, who apply their collective expertise in understanding and interpreting workers’ compensation law to review a single hearing officer’s decision. See 39-A M.R.S. §§ 321-A(2), 321-B(3) (2014). Given this design and *809 composition, it seems logical that the legal interpretation of the three-person Appellate Division, not the individual hearing officer, would be reviewed on appeal to the Law Court, with appropriate deference given to the Appellate Division in the event that a statute — unlike those at issue here — is ambiguous. Cf. S.D. Warren Co. v. Bd. of Envtl. Prot., 2005 ME 27, ¶¶ 3, 5-7, 868 A.2d 210 (deferring to statutory-interpretation by the Board of Environmental Protection in an appeal to the Board from a Department of Environmental Protection ruling), aff'd, 547 U.S. 370, 126 S.Ct. 1843, 164 L.Ed.2d 625 (2006).
[¶ 30] However, the workers’ compensation statutes do not direct the Court to review the Appellate Division’s legal interpretations. See 39-A M.R.S. §§ 321-A to 322 (2014). Thus, the Court has appropriately applied existing Maine law, which requires it to review, and potentially defer to, the legal analysis set forth in the “operative decision.” Stewart v. Town of Sedgwick, 2000 ME 157, ¶ 4, 757 A.2d 773. Here, the operative decision is that of the single hearing officer rather than the three hearing officers who used their collective wisdom to rule on the law as the Appellate Division. See Estate of Sullwold v. Salvation Army, 2015 ME 4, ¶ 7, 108 A.3d 1265.
[¶ 31] In the matter before us, the distinction does not affect the outcome in any way. Nonetheless, I encourage the Legislature to consider whether it is the original hearing officer’s legal interpretation or the Appellate Division’s interpretation that should be reviewed in an appeal to the Law Court, and to enact any statutory measures that it may deem necessary to clarify the Court’s role in workers’ compensation appeals.