MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2020 ME 55
Docket:      Cum-19-282
Argued:      March 3, 2020
Decided:     May 5, 2020

Panel:       MEAD, GORMAN, JABAR, HUMPHREY, and CONNORS, JJ.*

## 20 THAMES STREET LLC et al.

v.

## OCEAN STATE JOB LOT OF MAINE 2017, LLC

CONNORS, J.

[¶1]  The issue presented in this appeal is whether the court hearing a commercial forcible entry and detainer action has jurisdiction to award lease-based attorney fees.  Ocean State Job Lot of Maine 2017, LLC, appeals from a judgment of the Superior Court (Cumberland County, *Warren, J.*) in which the court vacated an award of attorney fees to Ocean State entered by the District Court in the Business and Consumer Docket (*Mulhern, J.*).  The Superior Court concluded that the District Court lacked subject matter jurisdiction to award lease-based attorney fees upon finding for Ocean State on a commercial forcible

---

*  Although Chief Justice Saufley participated in the appeal, she resigned before this opinion was certified.

entry and detainer action brought by 20 Thames Street LLC and 122 PTIP LLC (collectively, 20 Thames).  We affirm the Superior Court's judgment.

## I.  BACKGROUND

[¶2]  In August 2017, Ocean State rented a commercial retail space in Falmouth from Louis Vinios, trustee of Falmouth Realty Associates.  20 Thames subsequently purchased the property from Vinios and assumed the lease with Ocean State.  Less than two months later, 20 Thames filed in the District Court (Portland) its complaint for forcible entry and detainer, alleging that Ocean State breached the terms of the lease and 20 Thames was entitled to possession.  The matter was transferred to the Business and Consumer Docket.  After a three-day trial, the court (*Mulhern, J.*) found in favor of Ocean State, determining that it had not violated the lease.  Upon Ocean State's petition, and after receiving affidavits from the parties, the court awarded Ocean State costs and $206,076 in attorney fees based on the following lease provision:

> In the event either party hereto initiates litigation to enforce the terms and provisions of this Lease, the non-prevailing party in such action shall reimburse the prevailing party for its reasonable attorney's fees, filing fees, and court costs.

[¶3] 20 Thames appealed to the Superior Court. *See* 14 M.R.S. § 6008(1) (2018).[1] That court (*Warren, J.*) affirmed the judgment for Ocean State on the complaint and the award of costs, but vacated the attorney fee award because it concluded that the District Court lacked jurisdiction to award lease-based attorney fees.

[¶4] Ocean State timely appealed, challenging the Superior Court's decision vacating the award of attorney fees. *See* 14 M.R.S. § 1851 (2018); M.R. App. P. 2B(c)(1).

## II. DISCUSSION

[¶5] Title 14 M.R.S. § 6017 (2018) governs the forcible entry and detainer process for commercial leases. The question is whether the statute confers on the District Court the authority to award lease-based attorney fees. This question relating to the scope of the District Court's jurisdiction may be raised at any time in the proceedings, whether by a party or by the court. *See Jensen v. Jensen*, 2015 ME 105, ¶ 11, 121 A.3d 809; *Warren v. Waterville Urban Renewal Auth.*, 290 A.2d 362, 365 (Me. 1972). Thus, we will not disregard the issue as unpreserved or waived.

---

[1] 20 Thames also appealed to us, but we dismissed its appeal for lack of jurisdiction.

4

[¶6]  Ordinarily, "litigants bear their own attorney fees in the absence of statutory authority or a contractual provision." *Soley v. Karll*, 2004 ME 89, ¶ 10, 853 A.2d 755.  In the context of a forcible entry and detainer action, claims for breach of contract may not be asserted unless authorized by the statute. M.R. Civ. P. 80D(g) ("Forcible entry and detainer actions shall not be joined with any other action, nor shall a defendant in such action file any counterclaim."); *see also Bureau v. Gendron*, 2001 ME 157, ¶ 9, 783 A.2d 643.  Such additional claims are disallowed because "[t]he judicial power in a forcible entry and detainer action—a summary proceeding to determine who has a right to immediate possession of real property to the exclusion of another—is purely statutory in origin." *Rubin v. Josephson*, 478 A.2d 665, 667 (Me. 1984); *see also Tozier v. Tozier*, 437 A.2d 645, 647 (Me. 1981).  Because contractual attorney fees are not available in a forcible entry and detainer action absent statutory authorization, the question is whether the statute here provides authority for the District Court to award those lease-based fees.[2]

---

[2]  Title 14 M.R.S § 6017 (2018) does not supply a basis for the award of *statutory* attorney fees. *Cf.* 14 M.R.S. §§ 6004-A(2), 6010, 6014(3) (2018) (allowing an award of attorney fees in a residential forcible entry and detainer matter to a party whose opponent fails to make a good-faith effort to mediate; to a tenant from a perpetrator of domestic violence, sexual assault, or stalking; or to a landlord if an action alleging an illegal eviction was not brought in good faith and was frivolous or intended only to harass).

[¶7]  Ocean State argues that the attorney fees are statutorily authorized either (A) as "arrears" that may be awarded pursuant to 14 M.R.S. § 6017(6), or (B) as an "offsetting claim[]" that may be considered by the District Court pursuant to 14 M.R.S. § 6017(2)(A).

[¶8]  In examining the statute de novo, *Thornton Acad. v. Reg'l Sch. Unit 21*, 2019 ME 115, ¶ 5, 212 A.3d 340, we construe its terms "to give effect to the Legislature's intent in enacting the statute," *Packgen, Inc. v. Bernstein, Shur, Sawyer & Nelson, P.A.*, 2019 ME 90, ¶ 20, 209 A.3d 116 (quotation marks omitted).  We interpret the statute in the context of the entire statutory scheme, *see id.* ¶ 21, and give the statute's words "their plain, common, and ordinary meaning, such as people of common intelligence would usually ascribe to them," *Thornton Acad.*, 2019 ME 115, ¶ 5, 212 A.3d 340 (quotation marks omitted).  In doing so, we will "avoid[] results that are absurd, inconsistent, unreasonable, or illogical." *Packgen*, 2019 ME 90, ¶ 21, 209 A.3d 116 (quotation marks omitted).  Only if the statute is "susceptible of different meanings" and therefore ambiguous, *id.* (quotation marks omitted), will we look to extrinsic indicia of legislative intent, such as the legislative history of the statute, to ascertain the Legislature's intent in enacting the statute, *see id.*; *see also In re Child of Nicholas P.*, 2019 ME 152, ¶ 32, 218 A.3d 247.

6

A.     Arrears

[¶9]  "The District Court has jurisdiction to hear, decide and award rent and *arrears* allegedly owing, regardless of the amount."  14 M.R.S. § 6017(6) (emphasis added).  Ocean State contends that the separation of the terms "rent" and "arrears" means that "arrears" can include sums owed by a party apart from rent, including attorney fees.  This interpretation is not consistent with the plain meaning of the term "arrears," however, which is defined as "[a]n unpaid, overdue debt or unfulfilled obligation."  *Arrears*, American Heritage Dictionary of the English Language (5th ed. 2016); *see also Arrear*, Black's Law Dictionary (11th ed. 2019) (defining an "arrear" as "[a]n unpaid or overdue debt").  Here, 20 Thames was not behind in its payment of Ocean State's attorney fees before any attorney fees were awarded.  To interpret the statute to include attorney fees incurred in the litigation as "arrears allegedly owing" would be inconsistent with the ordinary meaning of the term.  14 M.R.S. § 6017(6).

B.     Offsetting Claims

[¶10]  The commercial forcible entry and detainer statute further provides that, "[i]n addition to deciding the right of possession, the District Court shall also decide the amount of rent owed, if disputed.  In establishing the

amount of rent owed, the District Court may consider *offsetting claims* to the extent appropriate." *Id.* § 6017(2)(A) (emphasis added). Ocean State contends that a claim for attorney fees under a lease is an "offsetting claim" when the tenant prevails.

[¶11] "Offset" is defined as "to balance, complement, counteract, compensate for, etc." *Offset*, Webster's New World College Dictionary (5th ed. 2016); *see also Offset*, Black's Law Dictionary (defining "offset" as "[t]o balance or calculate against; to compensate for"). If the tenant prevails and no rent or arrears are owed, there is nothing to "offset."

[¶12] In sum, the forcible entry and detainer action is a summary proceeding, narrowly defined by statute and constrained by rules of court. Section 6017 authorizes only a narrow category of claims outside possession to be pursued in the action. Under the plain language of section 6017, a contract claim for attorney fees not incurred until and through the litigation does not fall into this category.

The entry is:

Judgment affirmed.

8

Seth W. Brewster, Esq. (orally), Ryan P. Dumais, Esq., and Micah A. Smart, Esq., Eaton Peabody, Portland, for appellant Ocean State Job Lot of Maine 2017, LLC

Eben M. Albert, Esq., Glenn Israel, Esq. (orally), and David A. Soley, Esq., Bernstein Shur, Portland, for appellees 20 Thames Street LLC and 122 PTIP LLC

Cumberland County Superior Court docket number AP-2018-47
FOR CLERK REFERENCE ONLY