MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2020 ME 137
Docket:       WCB-20-60
Argued:       September 16, 2020
Decided:      December 15, 2020

Panel:        MEAD, GORMAN, JABAR, HUMPHREY, and HORTON, JJ.

LORRAINE SOMERS

v.

S.D. WARREN COMPANY et al.

MEAD, J.

[¶1]  In December 2014, the Workers' Compensation Board (*Elwin, HO*)[1]
entered a decree permitting S.D. Warren Company and its insurer, Constitution
State Services (collectively S.D. Warren), to discontinue paying Lorraine
Somers partial incapacity benefits because those payments had reached a
520-week statutory limit.  *See* 39-A M.R.S. § 213(1)(A), (4) (2014).[2]

[¶2]  Somers petitioned to have her benefits reinstated, asserting that
S.D. Warren had failed to comply with Me. W.C.B. Rule, ch. 2, § 5(1) (2017) ("the

---

[1]  Before October 15, 2015, Administrative Law Judges deciding workers' compensation cases
were known as Hearing Officers.  *See* P.L. 2015, ch. 297 (effective Oct. 15, 2015).

[2]  The statute has since been amended, but not in a way that affects this appeal.  P.L. 2015, ch. 297,
§ 8 (effective Oct. 15, 2015); P.L. 2017, ch. 288, § A-50 (effective July 15, 2017) (codified at 39-A M.R.S.
§ 213(1)(A), (4) (2020)).

2

former Rule")[3] by not providing her, before it ceased making payments, with notice that she could be eligible for an extension of weekly benefits. Although an Administrative Law Judge (*Elwin, ALJ*) denied the petition for reinstatement of benefits, the Workers' Compensation Board Appellate Division vacated that decision after Somers appealed.

[¶3] The Appellate Division concluded that the notice requirement of the former Rule was applicable to Somers's petition and that, because S.D. Warren admitted that it had not sent the notice, it was required to pay Somers all benefits owed to her from the date they were discontinued pursuant to the 2014 decree. The Appellate Division further concluded that the decree did not impose a res judicata bar on Somers's petition. On S.D. Warren's appeal from the decision of the Appellate Division, we affirm.

## I. BACKGROUND

[¶4] In December 2000, Somers suffered a right knee injury while working for S.D. Warren. She returned to work in a work-hardening capacity

---

[3] The Rule was amended on September 1, 2018, by adding subsection 1-A, which shifts the burden to provide notice from the employer to the Board in cases where an order of compensation has been entered. *See* Me. W.C.B. Rule, ch. 2, § 5(1)-(1-A) (2020). Accordingly, the principal legal issue in this case will not recur in petitions filed after the amendment took effect. The version of the rule applicable to Somers's petition, Me. W.C.B. Rule, ch. 2, § 5(1) (2017), is referred to in this opinion as "the former Rule." The former Rule was virtually unchanged during the twenty years from its adoption in 1998 to its 2018 amendment.

in October 2001 and resumed her regular job in December 2001. After her symptoms worsened, she went out of work in March 2005 and was terminated two years later.

[¶5] In a July 2008 decree, the Workers' Compensation Board found that the injury Somers sustained in 2000 was compensable and that she was entitled to ongoing 100 percent partial incapacity benefits. In March 2013, S.D. Warren filed a petition for review seeking to discontinue benefits on the ground that Somers's entitlement to them had ended pursuant to a 520-week statutory cap. *See* 39-A M.R.S. § 213(1)(A), (4). The Board found in its December 2014 decree that 520 weeks of benefits had been paid and that Somers's permanent impairment level fell below the 11.8 percent threshold established by Me. W.C.B. Rule, ch. 2, § 1(1) (2014), and therefore S.D. Warren was entitled to discontinue payment of benefits, *see* 39-A M.R.S. §§ 205(9)(B)(2), 213(1)(A), (4) (2014).

[¶6] In May 2015, Somers filed a petition for reinstatement of benefits, *see* 39-A M.R.S. § 205(9)(C) (2020), arguing that S.D. Warren had failed to send the notice required by the former Rule and that she was entitled to continuing

4

benefits until the company did so.[4]  The version of the Rule in effect at the time

provided,

> Prior to cessation of benefits pursuant to 39-A M.R.S.A. § 213(1), the employer must notify the employee that the employee's lost time benefits are due to expire.  The notice must be sent at least 21 days in advance of the expiration date, and must include the date the lost time benefits are due to expire and the following paragraph:
>
>> If you are experiencing extreme financial hardship due to inability to return to gainful employment, you may be eligible for an extension of your weekly benefits.  To request such an extension, you must file a Petition for Extension of Benefits within 30 calendar days of the date that benefits expire, or, in cases where the expiration date is contested, within 30 calendar days of a final decree as to the expiration date.
>
> Failure to send the required notice will automatically extend the employee's entitlement to lost time benefits for the period that the notice was not sent.
>
> Notice shall be considered "sent" if it is mailed to the last address to which a compensation check was sent.

Me. W.C.B. Rule, ch. 2, § 5(1) (2017).

[¶7]  In a 2017 decision denying Somers's petition, the Board (*Elwin, ALJ*) construed the former Rule as applying solely to cases in which an employer seeks a "prospective" discontinuation of benefits, rather than in cases where, as

---

[4]  The parties stipulated that S.D. Warren had not issued a notice of Somers's right to request an extension of benefits for extreme financial hardship pursuant to the former Rule.

here, a Board decree allows "immediate" discontinuation of benefits. Somers moved for further findings. *See* 39-A M.R.S. § 318 (2020). When her motion was denied, Somers appealed to the Appellate Division. *See* 39-A M.R.S. § 321-B (2020).

[¶8]   In January 2020, the Appellate Division vacated the decision, construing the plain language of the former Rule to require the prescribed notice before S.D. Warren could terminate Somers's benefits. The Appellate Division further concluded that the former Rule did not exceed the Board's rulemaking authority and that Somers's notice argument was not barred by res judicata. We granted S.D. Warren's petition for appellate review. *See* 39-A M.R.S. § 322(3) (2020); M.R. App. P. 23.

## II.  DISCUSSION

### A.    Res Judicata

[¶9]   S.D. Warren contends that because Somers did not claim a lack of notice when contesting the company's 2013 petition seeking to terminate her benefits, the res judicata doctrine barred her from doing so when she sought to reinstate her benefits following the Board's 2014 decree. The Appellate Division disagreed, concluding that "[b]ecause S.D. Warren did not cease paying benefits until after the 2014 decree, the factual issue of whether notice was

6

provided to Ms. Somers was not before the board during that litigation." We review de novo the Appellate Division's determination that res judicata did not bar Somers's petition to reinstate her benefits. *See Portland Water Dist. v. Town of Standish*, 2008 ME 23, ¶ 7, 940 A.2d 1097.

[¶10] "[V]alid and final decisions of the Workers' Compensation Board are subject to the general rules of res judicata . . . ." *Bailey v. City of Lewiston*, 2017 ME 160, ¶ 10, 168 A.3d 762 (quotation marks omitted). The claim preclusion branch of res judicata "forecloses relitigation of claims only when (1) the same parties or their privies are involved in both actions; (2) a valid final judgment was entered in the prior action; and (3) the matters presented for decision in the second action were, or might have been, litigated in the first action." *Berry v. MaineStream Fin.*, 2019 ME 27, ¶ 8, 202 A.3d 1195 (quotation marks omitted). It is the third element that is at issue here.

[¶11] We agree with the Appellate Division's determination that res judicata does not bar Somers's petition for reinstatement of her benefits because, prior to the decree allowing S.D. Warren to discontinue paying benefits, she could not have known that the company would fail to send the notice required by the former Rule. *See* 39-A M.R.S. § 205(9)(B)(2) (providing that an employer "may not reduce or discontinue benefits until the matter has

been resolved by a decree issued by an administrative law judge"). S.D. Warren was not required to send the notice prospectively—although it could have done so and avoided much of the obligation that the Appellate Division ultimately ordered it to pay[5]—and so, as the Appellate Division determined, the company "did not violate the [former Rule] until it ceased paying benefits." Accordingly, the notice issue was not before the Board in the 2013 action, and thus was not barred by res judicata in Somers's appeal to the Appellate Division. *See Berry*, 2019 ME 27, ¶ 8, 202 A.3d 1195.

B.      Application of the Former Rule

[¶12]  S.D. Warren next contends that the Appellate Division erred in concluding that the former Rule applied to require notice in a case like Somers's, that is, after the Board had issued a decree allowing an employer to terminate benefits, because that construction is in conflict with (1) an employer's statutory right to discontinue benefits immediately upon issuance of the decree and (2) the presumptive 520-week limit on benefits for an injured worker at Somers's level of incapacity. *See* 39-A M.R.S. §§ 205(9)(B)(2), 213(1)(A), (4).

---

[5] At oral argument, Somers reported that S.D. Warren sent the notice required by the former Rule after the Appellate Division issued its decision.

8

[¶13]  We disagree.  On questions of law[6] we review the decision of the Appellate Division directly and deferentially, "afford[ing] appropriate deference to the Appellate Division's reasonable interpretation of the workers' compensation statute and . . . uphold[ing] the Appellate Division's interpretation unless the plain language of the statute and its legislative history compel a contrary result."  *Bailey*, 2017 ME 160, ¶ 9, 168 A.3d 762 (citation and quotation marks omitted); *see Bridgeman v. S.D. Warren Co.*, 2005 ME 38, ¶ 11, 872 A.2d 961 ("We give great deference to Board rules interpreting the Act, and we have encouraged the Board to enact rules to fill in the 'gray areas' that were intentionally left in the Act.").

[¶14]  S.D. Warren's burden is thus a significant one.  In *Bailey*, we cited *Kroeger v. Department of Environmental Protection*, 2005 ME 50, ¶ 7, 870 A.2d 566, for the proposition that "we will only vacate an agency's decision where that decision violates the Constitution or statutes; exceeds the agency's authority; is procedurally unlawful; is arbitrary or capricious; constitutes an abuse of discretion; or is affected by bias or an error of law."  2017 ME 160, ¶ 9, 168 A.3d 762 (alteration and quotation marks omitted).

---

[6]  A hearing officer's or ALJ's findings of fact are final, absent fraud.  39-A M.R.S. §§ 318, 322(3) (2020).

[¶15]  No such error is present here.  The plain language of 39-A M.R.S. § 205(9)(B)(2) does not give an employer an automatic right to immediately cease paying benefits without giving notice to the employee as required by the former Rule.  The statute provides that

> [i]f an order or award of compensation or compensation scheme has been entered, the employer . . . shall petition the board for an order to reduce or discontinue benefits and may not reduce or discontinue benefits until the matter has been resolved by a decree issued by an administrative law judge.

39-A M.R.S. § 205(9)(B)(2).  The statute thus directs that an employer may not cease paying benefits to an employee before the Board issues a decree; it does not, however, say that the issuance of a decree is the *sole* requirement for discontinuing benefits.  Although the statute allows an employer to "reduce or discontinue benefits . . . pending a motion for findings of fact and conclusions of law or pending an appeal from [the] decree," *id.*, it does not bar the Board from imposing other requirements on the termination of benefits that are not addressed in the statute but are consistent with it.  The former Rule imposes just such a requirement.

[¶16]  Section 205(9)(B)(2) must be read in conjunction with section 213, which provides that, for workers with Somers's level of incapacity,

an employee is not eligible to receive compensation . . . after the employee has received a total of 260 weeks[7] of compensation . . . . *The board may in the exercise of its discretion extend the duration of benefit entitlement beyond 260 weeks in cases involving extreme financial hardship due to inability to return to gainful employment.*

39-A M.R.S. § 213(1)(A) (emphasis added); *see 20 Thames St. LLC v. Ocean State Job Lot of Me. 2017, LLC*, 2020 ME 55, ¶ 8, 231 A.3d 426 ("We interpret the statute in the context of the entire statutory scheme . . . ."). Section 213(1)(A) explicitly gives the Board the broad discretion to determine when the "extreme financial hardship" exception to the presumptive cap applies; that discretion includes the latitude to establish notice requirements. The Board's authority to extend benefit payments, reflected in the language of the notice required by the former Rule—"[i]f you are experiencing extreme financial hardship . . . you may be eligible for an extension of your weekly benefits," Me. W.C.B. Rule, ch. 2, § 5(1) (2017)—exists whether the employer seeks to end benefits through a certificate sent to the employee or by Board decree. *See* 39-A M.R.S. § 213(1)(A).

[¶17]  Furthermore, contrary to S.D. Warren's contention, the former Rule does not, as applied in this case, "expressly mandate[] that the durational

---

[7] Although the statute presumptively limits benefits to 260 weeks, under specified conditions the presumptive limit may be extended to a maximum of 520 weeks.  39-A M.R.S. § 213(4) (2020); *see Buckley v. S.D. Warren Co.*, 2010 ME 53, ¶ 9 & n.4, 997 A.2d 747.

cap is extended beyond the defined eligibility limit set by the Legislature." Rather, the Rule was adopted pursuant to the Board's discretion to fill in the "gray area[]" intentionally left in section 213(1)(A)'s exception for extreme financial hardship, which provides that "[t]he board *may in the exercise of its discretion* extend the duration of benefit entitlement." 39-A M.R.S. § 213(1)(A) (emphasis added); *see Johnson v. Home Depot USA, Inc.*, 2014 ME 140, ¶ 10, 106 A.3d 401 ("We have recognized . . . that, subject to concrete statutory requirements, there are 'gray areas' in the Workers' Compensation Act that the Legislature knew would require 'flexible and realistic solutions.'" (quoting *Bridgeman*, 2005 ME 38, ¶ 11, 872 A.2d 961)). The Board's broad discretion extends to requiring that notice of the hardship exception be given to the employee. As we said in discussing another section of the Workers' Compensation Act, "notice provisions . . . would be rendered meaningless if the employee's rights were cut off before receiving notice of those rights." *Graves v. Brockway-Smith Co.*, 2012 ME 128, ¶ 18, 55 A.3d 456.

[¶18] Our jurisprudence and the decisions of the Board support our conclusion that S.D. Warren was required to give Somers notice pursuant to the former Rule before terminating her benefits. In *Bridgeman* we upheld a rule that attached a greater penalty than that specified by statute to an employer's

failure to file a notice of controversy within fourteen days of the employee's notice of a claim. 2005 ME 38, ¶¶ 2-3, 12, 15, 872 A.2d 961. The rule at issue in *Bridgeman* imposed the same penalty on the employer as does the former Rule at issue in this case—an automatic continuation of benefits until the employer's compliance with a notice requirement. *Id.* ¶ 7; *see* Me. W.C.B. Rule, ch. 2, § 5(1) (2017). We concluded that the rule's imposition of a greater penalty than the statute "[did] not compel a conclusion that the Board exceeded its authority in promulgating [the rule] to implement the statute and carry out the purposes of the Act." *Bridgeman*, 2005 ME 38, ¶ 15, 872 A.2d 961.

[¶19] Additionally, during the twenty years that the former Rule remained essentially unchanged following its enactment, *see supra* n.3, the Board released a number of decisions that predicted the Appellate Division's interpretation—some against S.D. Warren. *See Waters v. Sappi Fine Paper*, W.C.B. 99-01-98-48 (Me. 2017) (*Jerome, ALJ*) ("Whether benefits are being paid voluntarily or by Board order, benefits will be 'due to expire' after the 30 day notice period required by [the former Rule] . . . ."); *Bridgeman v. S.D. Warren Co.*, W.C.B. 98-019729 (Me. 2016) (*Collier, ALJ*) (concluding that sections 205(9)(B)(2) and 213(1) were not mutually exclusive as S.D. Warren suggested and that the notice rule was applicable); *Smith v. Cummings Health Care*,

W.C.B. 00-00-53-14 (Me. 2008) (*Pelletier, HO*) ("[The Rule] requires that the notice with the required language be sent to the employee *before* benefits actually cease, whether or not the expiration date is set by the insurer or by Board decree.").[8]

[¶20] S.D. Warren does not cite any decision apart from the ALJ's decision in this case to establish that the Appellate Division's interpretation here is inconsistent with longstanding Board practice. To the contrary, when the Rule was amended in 2018, the Board made it explicit that notice concerning an employee's right to request an extension of benefits based on extreme financial hardship must be given to the employee when a Board order has been entered. Me. W.C.B. Rule, ch. 2, § 5(1-A) (2000). Although the current rule provides that the notice must be included in the decree itself, as opposed to being sent by the employer, *id.*, if S.D. Warren's argument—asserting "the fallacy that in litigated cases the financial hardship extension notification is necessary"—were correct, then notice would not be required at all.

[¶21] Finally, as we have noted, *see supra* ¶ 11, S.D. Warren could have satisfied the former Rule's requirement that it notify Somers that her benefits were "due to expire," Me. W.C.B. Rule, ch. 2, § 5(1) (2017), by applying basic

---

[8] *See also Adams v. Presque Isle Nursing Home*, W.C.B. 95-017695H (Me. 2008) (*Pelletier, HO*); *Chaput v. Adecco N. Am., LLC*, W.C.B. 01-017391 (Me. 2007) (*Goodnough, HO*).

math and sending the notice twenty-one days before reaching the presumptive 520-week benefit limit. We reject S.D. Warren's argument that it could not know the exact date the Board would enter its decree and so could not know when it should send Somers's notice—the former Rule requires notice "*at least* 21 days in advance of the expiration date," Me. W.C.B. Rule, ch. 2, § 5(1) (2017) (emphasis added), not *exactly* twenty-one days in advance. S.D. Warren always knew when Somers's benefits could be terminated—at 520 weeks—and by referencing that date and sending notice twenty-one days in advance of it (or before), the company could have satisfied the former Rule and protected itself against the judgment about which it now complains, regardless of when the Board's decree was actually entered. Had S.D. Warren done so, Somers would have known exactly when her petition for an extension of benefits was due: "within 30 calendar days of the date that benefits expire, or, in cases where the expiration date is contested, within 30 calendar days of a final decree as to the expiration date." Me. W.C.B. Rule, ch. 2, § 5(1) (2017).

[¶22] In sum, affording the Appellate Division's decision appropriate deference, we discern no error. *See Bailey*, 2017 ME 160, ¶ 9, 168 A.3d 762; *Johnson*, 2014 ME 140, ¶ 10, 106 A.3d 401; *Bridgeman*, 2005 ME 38, ¶ 11, 872 A.2d 961.

The entry is:

> The decision of the Workers' Compensation
> Board Appellate Division is affirmed.

---

Daniel F. Gilligan, Esq. (orally), Troubh Heisler LLC, Portland, for appellants S.D. Warren Company and Constitution State Services

James J. MacAdam, Esq. (orally), Nathan A. Jury, Esq., and Donald M. Murphy, Esq., MacAdam Jury, P.A., Freeport, for appellee Lorraine Somers

Robert W. Bower, Jr., Esq., and David A. Goldman, Esq., Norman Hanson & DeTroy, LLC, Portland, for amici curiae Maine Workers' Compensation Coordinating Council and Maine Council of Self-Insurers

Workers Compensation Board Appellate Division docket number 17-0022
FOR CLERK REFERENCE ONLY